UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JASON FAUSNIGHT, § | DOCKET NO. _____ |
| Individually and on Behalf of § | |
| All Others Similarly Situated, § | |
| § | |
| Plaintiff, § | JURY TRIAL DEMANDED |
| § | |
| v. § | COLLECTIVE ACTION |
| § | PURSUANT TO 29 U.S.C. § 216(b) |
| YELLOWJACKET OILFIELD § | |
| SERVICES, L.L.C., § | |
| § | |
| Defendant. § | |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Jason Fausnight ("Fausnight" or "Plaintiff") brings this collective action lawsuit against Yellowjacket Oilfield Services, L.L.C., ("Yellowjacket" or "Defendant") to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA"). Fausnight worked for Yellowjacket as a Pressure Control Operator, received a salary and a day-rate, and worked in excess of forty (40) hours a week without receiving any overtime compensation. As shown below, Yellowjacket failed to compensate Fausnight and all other similarly situated employees in accordance with the FLSA because they were not paid overtime for all hours worked in excess of forty (40) in a single workweek. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

3. Venue is proper under 28 U.S.C. § 1391. Fausnight resides in Robstown, Nueces County, Texas, located in this District and Division.

4. Fausnight worked for Yellowjacket as a Pressure Control Operator during the relevant statutory time period. Throughout his employment with Yellowjacket, Fausnight was paid a salary and a day-rate with no overtime compensation even though he regularly worked in excess of forty (40) hours in a week. Fausnight's written consent is attached as <u>Exhibit A</u>.

5. Fausnight brings this action on behalf of himself and all other similarly situated employees who were paid a salary and/or day-rate without receiving overtime compensation for hours worked in excess of forty (40) in a workweek. Yellowjacket subjected the FLSA Class to the same FLSA violations as Fausnight. The FLSA Class is therefore properly defined as:

> **All Pressure Control Operators and Pressure Control Helpers/Trainees employed by Yellowjacket Oilfield Services, L.L.C, during the past three (3) years who received a salary and/or day-rate and no overtime compensation ("Putative Class Members").**

The members of the FLSA Class are easily ascertainable from Yellowjacket's business records, particularly its personnel records.

6. Yellowjacket is a Texas limited liability company doing business in Texas. It may be served through its registered agent: **Brandon Cook, 7548 State Highway 185, Victoria, Texas 77905.**

### COVERAGE UNDER THE FLSA

7. At all times hereinafter mentioned, Yellowjacket has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8. At all times hereinafter mentioned, Yellowjacket has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

9. At all times hereinafter mentioned, Yellowjacket has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

10. At all times hereinafter mentioned, Fausnight and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## FACTS

11. Yellowjacket is an oilfield services company providing a variety of services to the oilfield, including pressure control services.

12. Fausnight and others similarly situated to him worked for Yellowjacket as Pressure Control Operators and or Pressure Control Helpers/Trainees.

13. Pressure Control Operators' primary job duties are technical and manual in nature and include rigging up and rigging down oilfield equipment for well site operations and operating and maintaining pressure control equipment.

14. The job duties performed by Fausnight and the FLSA Class were technical and manual labor in nature, routine, and largely governed by standardized plans, procedures, specifications, and checklists created by Yellowjacket and/or its clients.

15. Virtually every job function was pre-determined by Yellowjacket and its clients, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

16. Yellowjacket prohibited Fausnight and the FLSA Class from varying their job duties outside of the pre-determined parameters.

17. Pressure Control Operators are blue collar workers. They rely on their hands, physical skills, and energy, to perform their work in the oilfield. No advanced degree is required to become a Pressure Control Operators.

18. Pressure Control Operators do not supervise any Yellowjacket employees and cannot hire or fire any field personnel.

19. Pressure Control Operators work long hours. Indeed, Pressure Control Operators regularly work more than twelve (12) hours in a day, and more than eighty (80) hours in a week. As an example, Fausnight averaged twelve (12) or more hours per day, each day that he worked during the operative time period.

20. But Yellowjacket did not pay its Pressure Control Operators overtime for hours worked in excess of forty (40) hours in a workweek.

21. Instead, Yellowjacket paid Pressure Control Operators a base salary plus a day-rate, regardless of the number of hours that they worked that day (or in that workweek), and failed to provide them with overtime pay for hours that they worked in excess of forty (40) hours in a workweek. The day-rate Yellowjacket paid these workers is not overtime pay, but rather a lump sum payment that must be included in the Pressure Control Operators' regular rates of pay.

22. Fausnight and the FLSA Class worked similar hours and were denied overtime as a result of the same illegal pay practice.

23. Fausnight and the FLSA Class were also subjected to the same illegal pay practice for similar work and all were denied overtime pay as required by federal law.

24. To the extent Fausnight's and the FLSA Class' job duties varied, these differences do not matter for the purposes of determining their right to overtime pay.

25. For the purposes of an FLSA overtime claim, Fausnight and the FLSA Class performed substantially similar job duties related to servicing oil and gas operations in the field.

26. As the controlling law makes clear, Yellowjacket's Pressure Control Operators are non-exempt under the FLSA. Therefore, Yellowjacket owes back overtime wages to the entire FLSA Class.

### FLSA VIOLATIONS

27. As set forth herein, Yellowjacket violated the FLSA by failing to pay Fausnight and the FLSA Class overtime for hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207(a). .

28. Yellowjacket knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Fausnight and the FLSA Class overtime compensation. Yellowjacket's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

29. Accordingly, Fausnight and the FLSA Class are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their regular rates of pay, plus liquidated damages, attorney's fees and costs.

### COLLECTIVE ACTION ALLEGATIONS

30. Fausnight and the FLSA Class have been victimized by Yellowjacket's pattern, practice, and/or policy which is in willful violation of the FLSA.

31. Many members of the FLSA Class worked with Fausnight and reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

32. Thus, Yellowjacket imposed its illegal practice or policy on Fausnight and the FLSA Class regardless of any individualized factors.

33. Fausnight and the FLSA Class all received a day-rate and/or salary, regularly worked in excess of forty (40) hours per week, and were not paid overtime compensation.

34. These employees are victims of Yellowjacket's unlawful compensation practices and are similarly situated to Fausnight in terms of relevant job duties, pay provisions, and employment practices.

35. Yellowjacket's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policy and/or practice which are not dependent on the personal circumstances of any member of the FLSA Class.

36. Fausnight's experience is typical of the experiences of the Putative Class Members.

## JURY DEMAND

37. Fausnight demands a trial by jury.

## RELIEF SOUGHT

38. WHEREFORE, Fausnight prays for judgment against Yellowjacket as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Yellowjacket liable for unpaid back wages due to Fausnight and the FLSA Class and for liquidated damages equal in amount to the unpaid compensation found due to Fausnight and the FLSA Class;

b. For an Order awarding Fausnight and the FLSA Class their costs of this action;

c. For an Order awarding Fausnight and the FLSA Class their attorneys' fees;

d. For an Order awarding Fausnight and the FLSA Class unpaid benefits and compensation in connection with the FLSA violations;

e. For an Order awarding Fausnight and the FLSA Class pre- and post-judgment interest at the highest rates allowed by law;

f. For a Judgment granting all requested relief, on with such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ *Michael A. Josephson*
**Michael A. Josephson**
Fed. Id. 27157
State Bar No. 24014780
**Lindsay R. Itkin**
Fed Id. 1458866
State Bar No. 24068647
**Andrew Dunlap**
Fed Id. 1093163
State Bar No. 24078444
**FIBICH, LEEBRON, COPELAND,
BRIGGS & JOSEPHSON**
1150 Bissonnet St.
Houston, Texas 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
mjosephson@fibichlaw.com
litkin@fibichlaw.com
adunlap@fibichlaw.com

**AND**

**Richard J. (Rex) Burch**
Fed. Id. 21615
State Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**